```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA


ROBERT GREG GALLAGHER pka BOBBY      )    3:08-CV-00055-ECR-VPC
FREEMAN, an individual resident      )
of the State of Nevada, BETTY        )    MINUTES OF THE COURT
FRANKLIN, an individual resident     )
of Nevada,                           )    DATE: July 26, 2010
                                     )
     Plaintiffs,                     )
                                     )
v.                                   )
                                     )
CRYSTAL BAY CASINO, LLC, a Nevada    )
Limited Liability Company, ROGER     )
WILLIAM NORMAN, an individual        )
resident of the State of Nevada,     )
VENTRCEK ADVERTISING DESIGN, INC.,   )
a Nevada Corporation,                )
                                     )
     Defendants.                     )
                                     )
```

PRESENT:    EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN       Reporter:    NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING

MINUTE ORDER IN CHAMBERS

     Now before the Court is Defendants' motion for summary judgment (#66). Plaintiffs have opposed (#69) the motion (#66), and Defendants replied (#70). For the reasons stated below, the motion (#66) will be granted in part and denied in part.

     The essence of Plaintiffs' claims is that Defendants agreed to pay Robert Gallagher $50,000 if they used a particular song composed by him as a commercial for Crystal Bay Casino, and that Defendants never paid Mr. Gallagher, but used the song anyway. In the operative second amended complaint (#39), Plaintiffs assert three claims for relief: (1) copyright infringement; (2) misappropriation; and (3) breach of contract.

A copyright owner is entitled to "recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Alternatively, the copyright owner may seek statutory damages. Id. § 504(c). Here, Plaintiffs do not seek, and indeed are not eligible for statutory damages. See id. § 412. Defendants argue that there is no evidence of actual damages suffered by Plaintiffs, so Plaintiffs' claim for copyright infringement must fail. Similarly, damages is an element of a common law claim for misappropriation, at least under California law. See U.S. Golf Ass'n v. Arroyo Software Corp., 81 Cal. Rptr. 2d 708, 714 (Ct. App. 1999). Nevada has yet to recognize a claim for misappropriation outside of the trade secret context, but if presented the issue, it would likely follow California's example, as it has in recognizing other new commercial tort theories. See U.S. Fid. & Guar. Co. v. Peterson, 540 P.2d 1070, 1071 (Nev. 1975) (looking to California law as persuasive authority).

We disagree with Defendants' characterization of the record as lacking any evidence of damages. In Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700 (9th Cir. 2004), the Ninth Circuit found that evidence of a price quoted to a defendant by the copyright owner constituted evidence of fair market value of a license, sufficient to sustain a jury's award in the copyright owner's favor. Id. at 709. Though the copyright owner never was able to charge that amount, the Ninth Circuit commented that, after rejecting an offer of a license and then using the copyrighted material anyway without paying for it, a defendant "is in no better position to haggle over the license fee than an ordinary thief and must accept the jury's valuation unless it exceeds the range of the reasonable market value." Id. Here, taking all inferences in Plaintiffs' favor, there is evidence that Mr. Gallagher offered Defendants use of his song for $50,000, that Defendants rejected the offer, but that Defendants used the song anyway. Under the analysis described in Polar Bear Productions, such evidence is sufficient to sustain a claim for copyright infringement. The same reasoning applies equally well to Plaintiffs' claim of misappropriation.

There is not, however, sufficient evidence in the record to sustain Plaintiffs' claim for breach of contract. The only evidence in the record is that Defendants rejected Plaintiffs' offer to enter into a contract for use of the song. See P.s' Opp., Ex. A, Letter from Elise Norman to Bobby Freeman (October 10, 2003) ("We have reviewed the contract that you sent in regards to the commercial, and unfortunately we must decline the purchase of it at this time.") There is no evidence that Plaintiffs ever agreed to contract with Mr. Gallagher, no matter whether the contract is characterized as a unilateral or a bilateral contract. As such, Plaintiffs' claim for breach of contract cannot survive summary judgment.

Defendants also argue that Plaintiffs' claims should be dismissed as a sanction for spoliation of evidence. We are not inclined to address the issue of spoliation in the context of a motion for summary judgment; it is a matter that should be brought in a separate motion.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion for summary judgment is **GRANTED IN PART and DENIED IN PART** on the following basis: the motion is denied with respect to Plaintiffs' claims for copyright infringement and misappropriation; the motion is granted with respect to Plaintiffs' claim for breach of contract.

**IT IS FURTHER ORDERED** that Defendants' arguments with respect to spoliation may be raised in a separate motion, to be filed no later than thirty (30) days after the date of entry of the present Order; the proposed joint pre-trial order shall be due thirty (30) days after our ruling on any such motion. If Defendants do not file such a motion within the time provided, the proposed joint pre-trial order shall be due sixty (60) days after entry of the present Order.

LANCE S. WILSON, CLERK

By _____/s/_____
      Deputy Clerk