```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEVADA
                         RENO, NEVADA
```

ROBERT GREG GALLAGHER pka BOBBY      )    3:08-CV-00055-ECR-VPC
FREEMAN, an individual resident      )
of the State of Nevada, BETTY        )    MINUTES OF THE COURT
FRANKLIN, an individual resident     )
of Nevada,                           )    DATE: January 27, 2011
                                     )
       Plaintiffs,                   )
                                     )
v.                                   )
                                     )
CRYSTAL BAY CASINO, LLC, a Nevada    )
Limited Liability Company, ROGER     )
WILLIAM NORMAN, an individual        )
resident of the State of Nevada,     )
VENTRCEK ADVERTISING DESIGN, INC.,   )
a Nevada Corporation,                )
                                     )
       Defendants.                   )
_____)

PRESENT:    EDWARD C. REED, JR.              U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN    Reporter:    NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING


MINUTE ORDER IN CHAMBERS

     Now pending is Defendants' renewed motion for sanctions re: Plaintiffs'
spoliation of critical evidence (#78).  Plaintiffs have opposed (#79) the
motion (#78), and Defendants replied (#81).  For the reasons stated below,
the motion (#72) will be granted in part and denied in part.

     Plaintiffs brought suit claiming that Defendant agreed to pay Robert
Gallagher $50,000 if they used a particular song composed by him as a
commercial for Crystal Bay Casino, and that Defendants never paid Mr.
Gallagher, but used the song anyway.

Plaintiffs represented that Plaintiffs' counsel was in possession of two CDs that were duplicates of the CDs allegedly created and given to Defendants in 2003 or 2005. (Stip. and Order to Extend Discovery Deadlines for Limited Purpose ¶ 3 (#65).)  Paper copies of the CD faces were included in initial discovery.  A mutual agreement to extend discovery in order to hire forensics experts was entered into by stipulation.  (Id. at ¶ 5.)  After numerous requests by Defendants to examine the CDs to determine authenticity and creation date through forensic analysis, Plaintiffs finally responded, on October 12, 2009, that they are unable to locate the CDs.  In the meanwhile, in accordance with the stipulation (#65), Defendants had expended money to retain a forensic expert.

Defendants filed a motion for the sanction of dismissal (#72).  We denied (#77) the motion (#72) on the basis that while Plaintiffs did spoliate evidence and thereby prejudice Defendants, dismissal was not warranted. Defendants filed a renewed motion for sanctions, requesting that we exclude the paper copies of the CD faces for which the original CDs were allegedly lost, or in the alternative, give an adverse inference instruction at trial. Defendants also requested that we award monetary sanctions for Defendants' expenditures resulting from Plaintiffs' misrepresentations and spoliation of evidence.

The paper copies of the CD faces are unable to be authenticated, as the CDs from which the copies were made have been lost.  Plaintiffs shall not be allowed to introduce the paper copies of the CD faces during the trial. Precluding Plaintiffs from testifying regarding their recollection of the markings on the original CDs given to Defendants, however, is not warranted under these circumstances.

A party who has made a disclosure during discovery that it subsequently finds was incomplete or incorrect must supplement or correct its disclosure in a timely manner.  FED. R. CIV. P. 26(e).  Monetary sanctions may be granted when a party fails to supplement or correct an earlier disclosure under Fed. R. Civ. P. 26(e) that results in expenses to the other party.  FED. R. CIV. P. 37(c); see also In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060, 1078 (N.D. Cal. 2006) (granting monetary sanctions where one party "could have forestalled a great deal of time and effort by simply acknowledging early on that it was not preserving [evidence]").

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' renewed motion for sanctions re: spoliation of critical evidence (#78) is **GRANTED IN PART AND DENIED IN PART** on the following basis: Plaintiffs shall not be allowed to introduce the paper copies of the CD faces made from the CDs allegedly lost, but shall be allowed to testify as to their recollection of the original CDs given to Defendants.  Because the paper copies will be excluded, an adverse inference instruction is not necessary, and shall not be given at trial. Finally, Defendants are entitled to monetary sanctions in the amount of

reasonable expenditures made in reliance on Plaintiffs' representations, up to the date of October 12, 2009, when Plaintiffs informed Defendants that the CDs had been misplaced.

**IT IS FURTHER ORDERED** that Defendants shall file a statement of costs verifying each item claimed as a cost, with any available documentation attached, within fourteen (14) days of the date of entry of this order. Plaintiffs may file any objections within seven (7) days after the filing of the statement of costs.

**IT IS FURTHER ORDERED** that the parties shall file a pretrial order within seven (7) days of the date of entry of this order.


LANCE S. WILSON, CLERK

By _____/s/_____
        Deputy Clerk