**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT GREG GALLAGHER PKA BOBBY FREEMAN, AN INDIVIDUAL RESIDENT OF THE STATE OF NEVADA, BETTY FRANKLIN, AN INDIVIDUAL RESIDENT OF THE STATE OF NEVADA, <br><br> Plaintiffs, <br><br> vs. <br><br> CRYSTAL BAY CASINO, LLC, A NEVADA LIMITED LIABILITY COMPANY, ROGER WILLIAM NORMAN, AN INDIVIDUAL RESIDENT OF THE STATE OF NEVADA, VENTRCEK ADVERTISING DESIGN, INC., A NEVADA CORPORATION, <br><br> Defendants. | 3:08-CV-00055-ECR-VPC <br><br> **Order** |

This case arose out of allegations of copyright infringement, misappropriation, and breach of contract regarding the placement of Plaintiffs' original song on Defendant Crystal Bay Casino, LLC's public website.  The case went to trial on the copyright infringement claim, and the jury returned a defense verdict.  Now pending before the Court is Defendants' motion for attorney's fees (#124).  The motion is ripe and we now rule on it.

# I. Background

On January 26, 2008, Plaintiffs filed a complaint (#1) against Defendants Crystal Bay Casino, LLC ("Crystal Bay"), Roger William Norman ("Norman"), Ventrcek Advertising Design, Inc. ("Ventrcek"), and Teri Rose.  On July 24, 2008, this Court dismissed (#21) the action without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of proper service as to Norman, Ventrcek, and Teri Rose.

On September 24, 2008, Plaintiffs filed a first amended complaint (#23) against Defendants Crystal Bay, Norman, and Ventrcek.  Defendant Crystal Bay moved to strike (#26) the first amended complaint (#23) because it added two Defendants, Norman and Ventrcek, that had been dismissed pursuant to Fed. R. Civ. P. 4(m). After a hearing on January 22, 2009, the Magistrate Judge granted (#34) Crystal Bay's motion to strike the first amended complaint. Per stipulation by the parties (#35), the Magistrate Judge granted (#37) Plaintiffs leave to file a second amended complaint.

On February 12, 2009, Plaintiffs Gallagher and Franklin filed a second amended complaint (#39) against Defendants Crystal Bay, Norman, and Ventrcek, asserting three claims arising from Defendants' use of their song on the Crystal Bay website: (1) copyright infringement, (2) misappropriation, and (3) breach of contract.  Plaintiffs included a demand for jury trial in each of the filed complaints.

On May 21, 2009, Defendants served on Plaintiffs an Offer of Judgment in the amount of $9001.00.  (Defs.' Mot. Atty's Fees (#124)

2

Ex. 4.)  Plaintiffs never responded to Defendants' offer of judgment.  (Aff. Pat Lundvall (#124-1) at ¶4.)

On December 29, 2009, Defendants filed a motion for summary judgment (#66) on all claims.  On January 22, 2010, this Court issued an Order (#71) granting the motion in part and denying it in part.  Defendants were awarded summary judgment on the breach of contract claim, leaving the copyright infringement and misappropriation claims.

On January 27, 2011, we granted (#82) Defendants' renewed motion for sanctions re: Plaintiffs' spoilation of critical evidence (#78).  We found that Plaintiffs had represented that Plaintiffs' counsel was in the possession of two CDs that were duplicates of the CDs allegedly created and given to Defendants in 2003 or 2005.  The parties agreed to extend discovery by stipulation in order to hire forensic experts.  After Defendants had hired an expert, Plaintiffs finally admitted they were unable to locate the CDs.  We held that Defendants were entitled to monetary sanctions in the amount of reasonable expenditures made in reliance on Plaintiffs' representations, and ordered Defendants to submit a statement of costs.  Defendants filed a statement of costs (#85) on February 9, 2011.  Plaintiff did not file any objections.

On August 17, 2011, Defendants filed a motion to dismiss the common law misappropriation claim (#96) for lack of subject matter jurisdiction.  In their response (#99), Plaintiffs agreed to the dismissal of the misappropriation claim, and we granted (#100) the

3

1  motion, leaving only the federal copyright infringement claim for

2  trial.

3      We held a four-day jury trial on the copyright infringement

4  claim from September 13 to September 16, 2011.  On September 16,

5  2011, the jury returned a verdict in favor of Defendants, and we

6  entered judgment (#121) in favor of Defendants.

7      On September 30, 2011, Defendants filed a motion for attorney's

8  fees (#124).  Plaintiff Gallagher responded (#126) on October 12,

9  2011, and Defendants replied (#131) on November 4, 2011.

10

11                      **II. Legal Standard**

12     Fed. R. Civ. P. 54 establishes the procedure for recovering

13  attorney's fees.  A motion for attorney's fees must "specify the

14  judgment and the statute, rule, or other grounds entitling the

15  movant to the award."  FED. R. CIV. P. 54(d)(2)(B)(ii).  A party

16  moving for attorney's fees must therefore assert an independent

17  source of authority for an award.  MRO Commc'ns, Inc. v. Am. Tel. &

18  Tel. Co., 197 F.3d 1276, 1281 (citations omitted).

19     In an action where a district court is exercising its subject

20  matter jurisdiction over a state law claim, so long as "state law

21  does not run counter to a valid federal statute or rule of court,

22  and usually it will not, state law denying the right to attorney's

23  fees or giving a right thereto, which reflects a substantial policy

24  of the state, should be followed."  Alyeska Pipeline Serv. Co. v.

25  Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975) (quoting MOORE'S

26  FEDERAL PRACTICE § 54.77[2] (2d ed. 1974)).

27

28                              4

Under Nevada law, a prevailing defendant is entitled to recover attorney's fees if an offer of judgment is rejected. Specifically, Nevada law provides that a defendant may be awarded reasonable attorney's fees incurred from the time of an offer of judgment if the plaintiff rejects it and fails to receive a more favorable result. See NEV. REV. STAT. § 17.115(4)(d)(3). In this situation, Nev. Rev. Stat. § 17.115(4)(d) provides that a court "[m]ay order the party to pay to the party who made the offer . . . (3) Reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment." Likewise, Nev. R. Civ. 68(f) provides as follows: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall . . . pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer."

The Nevada Supreme Court has issued the following standard to guide courts in determining whether attorney's fees are warranted under Nev. R. Civ. P. 68:

> In exercising its discretion regarding the allowance of fees and costs under NRCP 68, the trial court must carefully evaluate the following factors:
>
> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad fath; and (4) whether the fees sought by the offeror are reasonable and justified in amount.
>
> After weighing the foregoing factors the district judge may, where warranted, award up to the full amount of fees requested. On the other hand where the court has failed

1
2
3

      to consider these factors, and has made no findings based
      on evidence that the attorney's fees sought are reasonable
      and justified, it is an abuse of discretion for the court
      to award the full amount of fees requested.

4
5

Beattie v. Thomas, 668 P.2d 268, 274 (Nev. 1983) (internal citations omitted).

6

7

### III. Discussion

8

**A. Defendants' Motion for Attorney's Fees (#124)**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

     Defendants move for an award of $164,016.50 in attorney's fees. Defendants argue that Plaintiffs unreasonably rejected Defendants' good-faith offer of judgment on all claims, made pursuant to Nev. Rev. Stat. § 17.115 and Nev. R. Civ. P. 68, in the amount of $9001.00. Defendants emphasize that the offer was served on Plaintiffs on May 21, 2009, prior to discovery, significant pre-trial motion practice, and a four-day jury trial on the merits of the federal copyright infringement claim.  It is undisputed that Plaintiffs failed to obtain a judgment more favorable than Defendants' offer of judgment.  Plaintiff Gallagher, proceeding *pro se*, counters that the rejection of the offer was not in bad faith or unreasonable, especially in light of the fact that the Court allowed the case to proceed to trial.  Plaintiff further argues that the claims were brought in good faith, and the policy behind the law to avoid frivolous lawsuits is not served by having Plaintiff pay for Defendants' fees in this case, which Plaintiff suggests are unreasonable.

26
27
28

6

1        **1.   The Federal Copyright Infringement Claim**

2        Defendants argue that they are entitled to an award of

3   attorney's fees in connection with the federal copyright

4   infringement claim pursuant to Nev. Rev. Stat. § 17.115 and Nev. R.

5   Civ. P. 68.  Defendants base their argument on MRO Communications, a

6   Ninth Circuit case affirming an award of attorney's fees under

7   Nevada law.  197 F.3d at 1283-84.  Specifically, Defendants contend

8   that MRO Communications stands for the proposition that where, as

9   here, a district court has federal question jurisdiction and

10  exercises supplemental jurisdiction over state law claims, the

11  district court may award attorney's fees under the applicable state

12  offer of judgment statute.  However, the prevailing defendant in MRO

13  Communications sought an award of those fees related to the state

14  law claims only and "did not request an award for its defense of the

15  federal law claims."  Id. at 1279.  MRO Communications is therefore

16  inapposite to the federal claim at issue here, the only claim that

17  proceeded to trial.  For this reason, Nev. Rev. Stat. § 17.115 does

18  not provide a basis for a recovery of attorney's fees related to the

19  copyright infringement claim.  As Defendants have not asserted an

20  alternative statute, rule, judgment, or other grounds for an award

21  of attorney's fees as required by Fed. R. Civ. P. 54(d), Defendants

22  are not entitled to an award for attorney's fees with regard to the

23  infringement claim.[1]

24  _____

25        [1] Notably, Defendants have not asserted 17 U.S.C. § 505, the
    costs and attorney's fees provision of the federal Copyright Act, as
26  an independent source of authority for an award of attorney's fees.
    See 17 U.S.C. § 505 ("In any civil action under this title, the court
27  in its discretion may . . . also award a reasonable attorney's fee to

28                                    7

In recognition of the inapplicability of <u>MRO Communications</u>, Defendants have requested in their reply brief (#131) an alternative award in the amount of $96,738.50, accounting for the fees expended through September 1, 2011, the day we dismissed (#100) Plaintiffs' remaining state law claim for misappropriation, leaving only the federal copyright claim to determine.  We therefore now proceed to analyze whether an award of attorney's fees on the state law claims is appropriate under Nevada law, utilizing the four <u>Beattie</u> factors handed down by the Nevada Supreme Court.

**2.   The State Law Claims: Breach of Contract and Misappropriation**

The first factor expounded by the Nevada Supreme Court in <u>Beattie</u> requires the Court to determine whether Plaintiffs brought their claims in good faith. Defendants argue that Plaintiffs asserted frivolous claims that were undermined by their own evidence and were therefore not brought in good faith.  Defendants contend that the breach of contract claim was contradicted by a letter in Plaintiffs' possession establishing that there was never a contract. However, the Court granted Defendants summary judgment on the breach of contract claim on the grounds that Plaintiff was unable to produce sufficient evidence of a unilateral or bilateral contract, not because such a theory was expressly contradicted by the evidence at issue.  (<u>See</u> Order (#71) at 2.).  While it may not be advisable to assert a claim with little or no evidence to back it up, the offer of judgment was made before most of the evidence was gathered

the prevailing party as part of the costs.").

8

in this case.  While Plaintiffs failed to carry their burden of proof on the breach of contract claim, the Court cannot say, based on the facts before it, that the claim was brought in bad faith.

Defendants further assert that Plaintiffs conceded that their misappropriation claim was not legally founded.  This is not the case.  Plaintiffs' response (#99) to Defendants' motion to dismiss (#96) the misappropriation claim cannot fairly be characterized as a concession that the claim had no basis.  Plaintiffs stated only that they did not oppose dismissal and agreed that the copyright infringement claim was the focus of their claim as the parties prepared for trial.  Moreover, the Court cannot agree that the copyright infringement claim was based upon a legally unsustainable theory or that it was brought in bad faith.  The claim survived Defendants' motion for summary judgment (#66) and went to trial.  If the Court agreed that Plaintiffs "had clearly abandoned their rights in the song by their actions and gave Defendants permission to use it, only to later revoke that permission and demand money damages for which they had no proof," (Defs.' Mot. Atty's Fees at 9), then a jury trial would have been unnecessary.  Accordingly, the Court finds that Plaintiffs brought their claims in good faith, and this factor falls in their favor.

The second factor we must consider in accord with Beattie is whether Defendants' offer was reasonable and in good faith.  The Court finds that the Defendants' offer was both reasonable and in good faith.  The timing was both reasonable and in good faith in that the offer was made early in the course of litigation after the

9

1  initial exchange of documents and prior to later, more extensive

2  discovery and significant pre-trial motion practice.  Plaintiff does

3  not argue that the amount offered, $9001.00 was either unreasonable

4  or in bad faith, only that it was subjectively unacceptable given

5  Plaintiffs' expenditures in the case at the time.

6      The third Beattie factor requires the Court to consider whether

7  Plaintiffs' decision to reject the offer of judgment was grossly

8  unreasonable and whether it was in bad faith.  The Court concludes

9  that Plaintiffs' decision to reject Defendants' offer of judgment on

10  all three claims was not grossly unreasonable nor was it in bad

11  faith.  Again, the fact that Plaintiffs' claims for misappropriation

12  and copyright infringement survived Defendants' motion for summary

13  judgment (#66) speaks to the legitimacy of the claims and the

14  reasonableness of rejecting such an offer when all three claims were

15  still in play.

16      The fourth and final Beattie factor asks whether the fees

17  sought by Defendants are reasonable and justified in amount.

18  Pursuant to Nevada law, a trial court should consider the following

19  factors in determining whether a requested amount in attorney's fees

20  is reasonable:

21          (1) the qualities of the advocate: his [or her] ability,
            training, education, experience, professional standing and
22          skill; (2) the character of the work to be done: its
            difficulty, intricacy, importance, the time and skill
23          required, the responsibility imposed and the prominence
            and character of the parties when they affect the
24          importance of the litigation; (3) the work actually
            performed by the lawyer: the skill, time and attention
25          given to the work; and (4) the result: whether the
            attorney was successful and what benefits were derived.

26

27

28                                10

1  Schouweiler v. Yancey Co., 712 P.2d 786, 790 (Nev. 1985).

2  Additionally, Local Rule 54-16 sets forth a number of factors and

3  calculations that a party requesting attorney's fees must submit to

4  the Court, as Defendants have done.

5      The Court finds that the fees sought by Defendants are

6  reasonable and justified in amount in light of the qualities of

7  Defendants' advocates, the character of the work to be done, the

8  work actually performed, and the result.  The case, primarily a

9  copyright infringement suit, was litigated extensively over the

10  course of 2.5 years and culminated in a defense verdict after a

11  four-day jury trial.  Defendants were also successful in eliminating

12  the state law claims prior to trial.  As required by Local Rule 54-

13  16, Defendants have itemized and set forth in detail the required

14  factors and have thoroughly justified the revised total amount of

15  $96,738.50.

16      A simply tallying of the Beattie factors reveals that two

17  factors weigh in favor of an award of fees, and two factors do not.

18  In sum, the Court has found that Defendants' offer of judgment and

19  requested fee award are both reasonable, that Plaintiffs' claims

20  were brought in good faith, and that Plaintiffs' rejection of the

21  offer was not grossly unreasonable or in bad faith - it can not be

22  said that either party acted in bad faith or unreasonably.  In such

23  a circumstance, the Court is loath to award attorneys' fees in the

24  absence of bad faith or unreasonableness on Plaintiffs' part, and

25  Defendants' request must be denied.

26

27

28                                      11

**B. Defendants' Previous Motion for Sanctions (#78)**

On January 27, 2011, we granted (#82) Defendants' renewed motion for sanctions re: Plaintiffs' spoilation of critical evidence (#78), as related above.  We found that Defendants were entitled to monetary sanctions in the amount of reasonable expenditures made in reliance on Plaintiffs' representation up to the date of October 12, 2009 and ordered Defendants to submit a statement of costs. Defendants filed a notice of submission of costs and fees (#85), requesting $2642.50 in attorney's fees and $36.30 in costs. Plaintiffs did not object to the amount.  Therefore, the Court finds that Defendants are entitled to monetary sanctions in the amount of $2678.80 in connection with their previous motion (#78).

## **IV. Conclusion**

Nevada law cannot provide a basis for an award of attorney's fees on a federal copyright infringement claim, and Defendants have asserted no other independent authority for such an award. Accordingly, Defendants' request for an award of attorney's fees with regard to the copyright infringement claim must be denied.  As for the state law claims, the Court in its discretion finds that an award of attorney's fees is warranted here, whether Plaintiffs cannot be said to have acted in bad faith or grossly unreasonably. Accordingly, Defendants' request for attorney's fees on the state claims pursuant to Nevada law is denied.  However, Defendants are entitled to an award with regard to their previous successful motion for sanctions.

12

1    **IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion for

2 attorney's fees (#124) is **DENIED**.

3    **IT IS FURTHER ORDERED** that Defendants' request for monetary

4 sanctions in the amount of $2678.80 in connection with the renewed

5 motion for sanctions re: Plaintiffs' spoilation of critical evidence

6 (#78) and notice of submission of costs and fees (#85) is **GRANTED**.

7

8 DATED: April 20, 2012.

9                                          _Edward C. Reed._

10                                         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          13